WO                                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlie Lee Evans, ) | No. CV 05-3711-PHX-SMM (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | **AND** |
| McWilliams, et al., ) | **ORDER TO SHOW CAUSE** |
| Defendants. ) | |

In this civil rights action brought by an Arizona Department of Corrections (ADC) inmate, Defendants moved to dismiss for lack of exhaustion (Doc. # 25). Plaintiff responded and Defendants replied (Doc. ## 27, 28). The Court will grant Defendants' motion and order Plaintiff to show cause why Defendant York should not be dismissed for failure to serve.

**I.    Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendants Holly, Lt. York, Lt. Davis, and Lt. Scott alleging violations of his Eighth Amendment rights for allegedly being placed in an unsanitary cell and deprived of any means to clean his hands or cell (Doc. # 16). Plaintiff further claimed that he was denied hot meals for eight days, was not permitted to drink anything except water from a malfunctioning sink, was only permitted one shower in eight days, and was not permitted to leave his cell for recreation (Doc. # 16). Defendants were ordered to answer the Second Amended Complaint and they subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies

JDDL

(Doc. ## 17, 25).[1] In support of their motion, Defendants submitted an affidavit of ADC Hearing Officer Aurora Aguilar and a copy of the ADC grievance procedures (Doc. # 25, Exs. 1-2).

## II.  Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.  Analysis

Plaintiff brought this action alleging that he suffered inhumane conditions of confinement in the ADC between January 13 and 21, 2004 (Doc. # 16). In his Second Amended Complaint, Plaintiff acknowledged that a grievance system existed at ADC, but claimed that he feared for his life and did not believe his issues were grievable under ADC policy (Doc. # 16 at 4, 5).

In support of their Motion to Dismiss, Defendants submitted the affidavit of Hearing Officer Aurora Aguilar (Aguilar Aff., Ex. 1, Doc. # 25). Aguilar attested that she searched

---

[1] Defendant York has not yet been served in this action.

- 2 -

1 Plaintiff's file for grievances related to the conditions of his confinement while incarcerated
2 from January 13-21, 2004 but that none had been filed (Doc. # 25, Ex. 1 at ¶¶ 4-5).

3       Plaintiff responded to Defendants' motion (Doc. # 27).  Plaintiff claimed that he has
4 been classified as severely mentally ill and that illness constitutes an extenuating
5 circumstance that should excuse Plaintiff's failure to utilize the grievance process.  Further,
6 Plaintiff argued that he did not know he could utilize the grievance procedure to address his
7 claims until after the time for doing so had long expired.  As a result, Plaintiff argued that he
8 could not then go back and attempt to grieve his claims, as the grievances would not be
9 processed.

10       Defendants replied that Plaintiff failed to provide any evidence to support his claim
11 that he has been classified as severely mentally ill, and that even if Plaintiff does suffer from
12 a mental disorder, he is still required to exhaust available administrative remedies before
13 filing suit.  Further, Defendants claimed that the attachments to Plaintiff's response are
14 unrelated to his instant claims and are unauthenticated.

15       Plaintiff acknowledges that he failed to exhaust administrative remedies for the claims
16 in his Second Amended Complaint.  Rather, Plaintiff avers that his mental illness should
17 excuse the grievance requirement and that, even if the grievance requirement is not excused,
18 he did not believe his claims were grievable issues.  Plaintiff's claims fail, however, for
19 several reasons.

20       First, there is no extenuating circumstance exception to the grievance process.  Even
21 if there was, Defendants correctly note that Plaintiff has failed to provide any evidence of his
22 alleged mental disease.  Moreover, Plaintiff's claims of ignorance regarding the grievance
23 process are unavailing. Plaintiff's actions concerns his confinement between January 13 and
24 21, 2004 (Doc. # 16).  Plaintiff claims that he was unfamiliar with the grievance process and
25 therefore it was not "available" to him.  But the exhibits attached to Plaintiff's Response to
26 the Motion to Dismiss include copies of inmate letters filed by Plaintiff *before* the events
27 giving rise to Plaintiff's claims.  The first step in the ADC inmate grievance process requires
28 that an inmate issue a complaint to their assigned Corrections Officer (CO) III.  Here,

1  Plaintiff's evidence includes a letter to CO III Eccles and Eccles' response.[2] As a result,
2  Plaintiff's argument that he did not know how to utilize the grievance process fails.
3  Moreover, Plaintiff's generalized assertions about the unavailability of the grievance process
4  are insufficient. Plaintiff has not specifically named any officer who allegedly told Plaintiff
5  his claims were not grievable.

6  In short, Plaintiff has simply not demonstrated that the ADC grievance process was
7  unavailable to him for the issues in his Second Amended Complaint. Defendants' motion
8  will, therefore, be granted.

9  **IV.    Unserved Defendant**

10  The Court, in its December 20, 2006 Order, ordered service on York (Doc. # 17 at 1).
11  The Court also informed Plaintiff that his failure to effect service on any Defendant within
12  120 days of the filing of the Second Amended Complaint may result in the dismissal of each
13  Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and
14  Local Rule of Civil Procedure 16.2(b)(2)(B)(1). York has not been served; his summons was
15  returned unexecuted for lack of a valid address. Plaintiff has not made an attempt to reserve
16  York despite sufficient opportunity to do so. The Court will, therefore, order Plaintiff to
17  show cause within 20 days why York should not be dismissed for failure to serve pursuant
18  to Rule 4(m) of the Federal Rules of Civil Procedure.

19  To comply, Plaintiff must file a Response to this Order within 20 days, explaining
20  why York should not be dismissed. If Plaintiff fails to do so, York will be dismissed.

21  **IT IS ORDERED:**

22  (1) Defendants' Motion to Dismiss (Doc. # 17) is **granted**. Defendants Davis, Scott,
23  and Holly are dismissed without prejudice.

24  (2) The remaining Defendant in this action is Defendant York.

25  (3) Within 20 days of the date of entry of this Order, Plaintiff must show cause why
26  York should not be dismissed without prejudice for failure to serve.

---

28  [2] The Exhibits to Plaintiff's Response are unrelated to the issues in his Second Amended Complaint.

JDDL                                               - 4 -

1       (4) If Plaintiff fails to file a response as described in this Order within 20 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice as to the remaining Defendant.

DATED this 21st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge