**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charlie Lee Evans, | ) | CIV 05-3711-PHX-SMM (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| McWilliams, et al., | ) | |
| Defendants. | ) | |

On December 15, 2006, Plaintiff filed a Second Amended Complaint alleging violations of his Eighth Amendment rights. (Doc. #16.) On December 20, 2006, the Court ordered service on Defendants and informed Plaintiff that his failure to effect service on any Defendant within 120 days of the filing of the Second Amended Complaint may result in the dismissal of each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i). (Doc. #17.) Despite the Court's Order, one of the named Defendants, Lt. York, had not been served; his summons was returned unexecuted for lack of a valid address on January 17, 2007. (Doc. #20.)

Defendants subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies on March 12, 2007. (Doc. #25.) On August 21, 2007, the Court granted Defendants' Motion to Dismiss and dismissed Defendants Davis, Scott, and Holly. (Doc. #31.) The Court further ordered Plaintiff to show cause within 20 days as to why Defendant York should not be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. #31.) On September 6, 2007, Plaintiff filed

1  a response to the Court's Order to Show Cause essentially rearguing the merits of his case.
2  (Doc. #32.)

3  In light of Plaintiff's failure to comply with the Court's Order to Show Cause and
4  provide the Court with an explanation as to why Defendant York should not be dismissed,
5  the Court will determine whether to dismiss this matter.

6  When considering whether to dismiss an action for failure to comply with court orders
7  and for failure to prosecute, the Court considers: "'(1) the public's interest in expeditious
8  resolution of litigation; (2) the Court's needs to manage its docket; (3) the risk of prejudice
9  to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
10 availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)
11 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

12 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
13 to properly respond to Court orders prevents the case from proceeding in the foreseeable
14 future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the
15 Court to consider whether a less drastic alternative is available. The Court has already
16 ordered Plaintiff to show cause why Defendant York – the remaining Defendant in this
17 matter – should not be dismissed. Plaintiff failed to comply and, instead, filed a response
18 rearguing the merits of his case.

19 The Court finds that only one less drastic sanction is realistically available. Rule
20 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
21 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
22 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Second
23 Amended Complaint and this action will therefore be dismissed without prejudice pursuant
24 to Rule 41(b) of the Federal Rules of Civil Procedure.

25 ///
26 ///
27 ///
28

1     Accordingly,

2     **IT IS HEREBY ORDERED** that this matter be **DISMISSED** without prejudice for
3 failure to comply with Court orders and for failure to prosecute.

4     DATED this 9th day of October, 2007.

                          Stephen M. McNamee
                          United States District Judge